IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KENNETH GATES and<br>CHERYL GATES, h/w<br>7452 Sycamore Avenue<br>Elkins Park, Pennsylvania 19027<br><br>          Plaintiffs,<br><br>v.<br><br>HANJRA TRUCKING INC. d/b/a HTI<br>1170 Delsea Drive, Suite 1080<br>Westville, New Jersey 08093<br><br>          and<br><br>VIDAL A. HERNANDEZ c/o<br>EAST END TRUCKING CORPORATION<br>1077 North Avenue, Suite 170<br>Elizabeth, New Jersey 07201<br><br>          and<br><br>EAST END TRUCKING CORPORATION<br>1077 North Avenue, Suite 170<br>Elizabeth, New Jersey 07201<br><br>          Defendants. | CIVIL ACTION NO.<br><br><br><br><br><br>**COMPLAINT AND JURY DEMAND** |

## CIVIL ACTION - COMPLAINT
## THE PARTIES

1. Plaintiffs, KENNETH GATES and CHERYL GATES, husband/wife, are adult individuals, citizens and residents of the State of Pennsylvania and reside at 7452 Sycamore Avenue, Elkins Park, Pennsylvania 19027.

2. HANJRA TRUCKING INC. d/b/a HTI, (hereinafter referred to as "HTI") is a

corporation or other business entity authorized and existing under the laws of the State of New Jersey maintaining its principal place of business at 1170 Delsea Drive, Suite 1080, Westville, New Jersey 08093.

3. Defendant, VIDAL A. HERNANDEZ, is an adult individual, averred to be a citizen and resident of the State of New York and at all times material hereto, was the agent, servant, workman and/or employee of Defendants, HANJRA TRUCKING INC. and/or EAST END TRUCKING CORPORATION, there and then acting within the scope of said agency.

4. Defendant, EAST END TRUCKING CORPORATION (hereinafter "EAST END") is a corporation or other business entity authorized and existing under the laws of the State of New Jersey maintaining its principal place of business at 1077 North Avenue, Suite 170, Elizabeth, New Jersey 07201.

## JURISDICTION

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332(a)(1) in that "the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States" and 28 U.S.C. §1331 "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States".

## VENUE

6. Venue over this action is appropriate in this matter pursuant to 28 U.S.C. 1391(b)(1), in the District of New Jersey in that: – a judicial district in which any Defendant resides, if all Defendants are residents of the State in which the district is located.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

7. Plaintiffs, KENNETH GATES and CHERYL GATES, h/w, aver and incorporate by reference all of the allegations of Paragraphs 1 through 6, inclusive, of this Complaint as though the same were fully set forth hereinafter.

8. At all times material hereto, Defendants, EAST END and/or HTI, rented, leased, owned, controlled, possessed, maintained and/or leased a 1996 Freightliner tractor-trailer bearing New Jersey license plate number AU724RLF, VIN # 1FUYDSEBXTH796252, said vehicle being operated by Defendant, VIDAL A. HERNANDEZ.

9. On or about May 25, 2019, at approximately 1:03 P.M., Plaintiffs, KENNETH GATES and CHERYL GATES, were occupants of a 2011 Honda Odyssey bearing Pennsylvania license plate number HPA1828, and were proceeding west on Interstate 80 near milepost 66.80, Ridgefield Park Village, Bergen County, New Jersey, when suddenly and without warning, Defendant, VIDAL A. HERNANDEZ, operating the aforementioned 1996 tractor-trailer, proceeding west on Interstate 80, negligently and carelessly failed to maintain his lane of travel and drove so as to strike Plaintiffs', KENNETH GATES and CHERYL GATES, vehicle causing the vehicle occupied by the Plaintiffs strike the center concrete barrier thereby causing Plaintiffs, KENNETH GATES and CHERYL GATES, severe and permanent injuries and other losses hereinafter more fully set forth.

10. The injuries sustained by the Plaintiffs, KENNETH GATES and CHERYL GATES, h/w, resulted solely from the negligence and carelessness of the Defendants, VIDAL A. HERNANDEZ, EAST END, and/or HTI, jointly and/or severally, and was due, in no manner whatsoever, to any act or failure to act on the part of the Plaintiffs, KENNETH GATES and CHERYL GATES.

## COUNT I
## PLAINTIFFS v. DEFENDANTS

11. Plaintiffs, KENNETH GATES and CHERYL GATES, h/w, hereby incorporate by reference all of the allegations contained in Paragraphs 1 through 10, inclusive, of this Complaint as though the same were fully set forth hereinafter.

12. The negligence and carelessness of the Defendants, jointly and/or severally, acting as aforesaid, consisted of the following:

   (a) Operating a motor vehicle at a high and excessive rate of speed under the circumstances and conditions;

   (b) Failure to have a motor vehicle under proper and adequate control;

   (c) Failure to use the highest degree of skill in the operation of a motor vehicle;

   (d) Failure to keep a proper lookout for other vehicles lawfully upon the highway;

   (e) Failure to exercise due care and caution under the circumstances;

   (f) Failing to adequately train its agents, servants, workmen and/or drivers;

   (g) Negligently entrusting its motor vehicle to its agents, servants, workmen, employees, and/or drivers, including but not limited to, Defendant, VIDAL A. HERNANDEZ, who Defendants knew or should have known would not operate same in a safe manner;

    (h)    Violations of the ordinances, statutes and Rules of the Road of the State of New Jersey governing the operation of motor vehicles upon the highway; and

    (i)    Violating the assured clear distance/safe following distance Rule;

    (j)    Violating Federal Motor Carrier Safety Regulations in the operation of said truck; and

    (k)    Violation of the Code of Federal Regulations regarding the proper and safe operation of an interstate commerce/cargo vehicle.

13.    The negligence and/or carelessness of Defendants, jointly and/or severally, was a direct and proximate cause of the aforesaid motor vehicle collision and the resultant injuries and damages sustained by the Plaintiffs includes, but is not limited to, the following:

    (a)    Permitting Defendant, VIDAL A. HERNANDEZ, to operate the motor vehicle without first ascertaining whether or not he was capable of properly operating said vehicle;

    (b)    Permitting Defendant, VIDAL A. HERNANDEZ, to operate the motor vehicle when Defendants knew, or in the exercise of due care and diligence, should have known that Defendant, VIDAL A. HERNANDEZ, was capable of committing the acts of negligence set forth above;

    (c)    Failing to warn those persons, including the Plaintiffs, that Defendant, VIDAL A. HERNANDEZ, knew, or in the existence of due care and diligence should have known, that the Plaintiffs would be exposed to VIDAL A. HERNANDEZ's negligent operation of the motor vehicle.

## COUNT II
## PLAINTIFF, KENNETH GATES v. DEFENDANTS

14. As a result of the negligence and carelessness of Defendants, acting as aforesaid, Plaintiff, KENNETH GATES, was caused to sustain injuries to his bones, joints, muscles, tendons, blood vessels and soft tissues throughout his body, including but not limited to chest pain, back pain, soreness, rib pain, numbness and tingling from fingertips through the palm into the elbow on the right side, and a severe shock to his nerves and nervous system and various other ills and injuries; all of which injuries have, in the past, and will, in the future, cause Plaintiff, KENNETH GATES, great pain and suffering, are serious and permanent in nature, and have caused Plaintiff herein serious and/or permanent impairments of bodily functions.

15. As a further result of the negligence and carelessness of Defendants herein, Plaintiff, KENNETH GATES, has and will be obligated to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses, which he may be obligated to continue to expend such sums and to incur such expenditures for an indefinite period of time in the future, all to his great detriment and loss.

16. As a further result of the negligence and carelessness of Defendants, Plaintiff, KENNETH GATES, has suffered agonizing aches, severe physical pains, disability, mental anguish and humiliation and will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

17. As a further result of the negligence and carelessness of Defendants, herein, Plaintiff, KENNETH GATES, has or may suffer a loss of earnings and impairment of his earning capacity and power, and may continue to incur same in the future.

**WHEREFORE**, Plaintiff, KENNETH GATES, demands judgment in his favor and against Defendants, VIDAL A. HERNANDEZ, EAST END, and/or HTI, individually, jointly and/or severally, in a sum in excess of Seventy-five Thousand Dollars ($75,000.00) together with interest, costs and attorney's fees.

## COUNT III
## PLAINTIFF, CHERYL GATES v. DEFENDANTS

18. As a result of the negligence and carelessness of Defendants, acting as aforesaid, Plaintiff, CHERYL GATES, was caused to sustain injuries to her bones, joints, muscles, tendons, blood vessels and soft tissues throughout her body, including but not limited to chest pain, back pain, contusion of the left chest wall, shoulder pain, severe neck pain with bilateral radiation to the shoulders, neck pain radiating to the left arm, low back pain with radiation to both legs, with more pain in the left hip and left leg, cervical disc herniation at C2-C3, C3-C4, C4-C5.C5-C6, C-6-C7, and C7- T1, bilateral C7-C8 cervical radiculopathy, bilateral carpal tunnel syndrome, lumbar sprain/strain, bilateral L5-S1 lumbar radiculopathy and lumbar disc herniations at L2-L3, L4-L5, and L5-S1, and a severe shock to her nerves and nervous system and various other ills and injuries; all of which injuries have, in the past, and will, in the future, cause Plaintiff, CHERYL GATES, great pain and suffering, are serious and permanent in nature, and have caused Plaintiff herein serious and/or permanent impairments of bodily functions.

19. As a further result of the negligence and carelessness of Defendants herein, Plaintiff, CHERYL GATES, has and will be obligated to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses, which currently equals or exceeds **$62,806.10** and she may be obligated to continue to expend such sums and to incur such expenditures for an indefinite period of time in the future, all to her great detriment and loss.

20. As a further result of the negligence and carelessness of Defendants, Plaintiff, CHERYL GATES, has suffered agonizing aches, severe physical pains, disability, mental anguish and humiliation and will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

21. As a further result of the negligence and carelessness of Defendants, herein, Plaintiff, CHERYL GATES, has or may suffer a loss of earnings and impairment of his earning capacity and power, and may continue to incur same in the future.

**WHEREFORE**, Plaintiff, CHERYL GATES, demands judgment in her favor and against Defendants, VIDAL A. HERNANDEZ, EAST END, and/or HTI, individually, jointly and/or severally, in a sum in excess of Seventy-five Thousand Dollars ($75,000.00) together with interest, costs and attorney's fees.

## COUNT IV
## PLAINTIFFS v. DEFENDANTS
## LOSS OF CONSORTIUM

22. Solely as a result of the aforesaid negligence and carelessness of the Defendants herein, jointly and/or severally, Plaintiff, CHERYL GATES, and Plaintiff, KENNETH GATES, as each-other's spouse, has been deprived of the society, companionship, aid, assistance, earnings and earning power and consortium of said spouse, all of which has, and may, in the future, continue to cause great emotional financial loss and damage.

**WHEREFORE**, Plaintiffs, CHERYL GATES and KENNETH GATES, demands judgment in their favor and against Defendants, individually, jointly and/or severally, in a sum in excess of Seventy-five Thousand Dollars ($75,000.00) together with interest, costs and attorney's fees.

## JURY DEMAND

Plaintiffs demand a jury trial.

                                **TABAKINWOLFE, LLP**

BY: _____
       BRAD S. TABAKIN, ESQUIRE
       brad@twlegal.net

BY: _____
       RICHARD A. WOLFE, ESQUIRE
       rich@twlegal.net
       Plymouth Greene Office Campus
       1000 Germantown Pike, B-3
       Plymouth Meeting, PA  19462
       (215) 525-1616 – phone
       (215) 525-5858 – facsimile
       *Attorneys for Plaintiffs,*
       *Kenneth Gates and Cheryl Gates*